IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BRUCE ALLEN MASSEY,<br>    ID # 926134,<br>        Petitioner,<br>vs.<br><br>DIRECTOR, Texas Department of Criminal<br>Justice, Correctional Institutions Division,<br>        Respondent. | )<br>)<br>)<br>)  No. 3:20-CV-0128-E-BH<br>)<br>)<br>)<br>)  Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, the case should be **DISMISSED** for failure to prosecute or follow orders of the court.

### I. BACKGROUND

Bruce Allen Massey (Petitioner), a prisoner incarcerated in the Dallas County Jail, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 in the Eastern District of Texas challenging the forfeiture of his street time. (*See* doc. 1.) The petition was construed as arising under 28 U.S.C. § 2241 and transferred to this district on January 16, 2020. (*See* doc. 6.) By *Notice of Deficiency and Order* dated January 22, 2020, Petitioner was notified that his application to proceed *in forma pauperis* (IFP) did not provide enough information because it did not include the required certificate of inmate trust account. (*See* doc. 10.) The notice specifically advised Petitioner that he must either pay the filing fee or file the required certificate of trust account within thirty days, and that a failure to do so could result in the dismissal of his case, and it included a form IFP application. *Id.* On March 17, 2020, a *Second Notice of Deficiency and Order* was issued. (*See* doc. 12.) It again specifically advised Petitioner that he must either pay the filing fee or file the

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for full case management.

required certificate of trust account within thirty days, and that a failure to do so could result in the dismissal of his case, and it included a form IFP application. *Id.* More than thirty days from the date of the last order have passed, but Petitioner has not paid the filing fee or filed a certificate of inmate trust account, or filed anything else.

## II. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Petitioner failed to pay the filing fee or file a certificate of inmate trust account as ordered. Because he failed to comply with the orders that he pay the filing fee or file a certificate of inmate trust account, and has not otherwise responded to the orders, this case should be dismissed for failure to prosecute or follow an order of the court.

## III. RECOMMENDATION

This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court, unless Petitioner pays the filing fee or files a certificate of inmate trust account within the time for objection to this recommendation, or by some other deadline set by the Court.

**SIGNED this 24th day of April, 2020.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE